# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
|       Plaintiff, | ) |
| vs. | )   NO. CIV-15-0454-HE |
| | ) |
| MAXINE BRADY, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## ORDER

Plaintiff J & J Sports Productions, Inc. ("J & J") filed this action against Maxine Brady a/k/a Elizabeth M. Brady, individually and d/b/a Cantina The Amazons and others,[1] asserting claims under the Communications Act of 1934, 47 U.S.C. 605, *et seq.,* and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.*[2] Plaintiff contends it held the exclusive nationwide television distribution rights to the *Floyd Mayweather, Jr. v. Robert GuerreroJuan Manuel Marquez, WBC Welterweight Championship Fight Program* ("Mayweather Fight") telecast on Saturday, May 4, 2013, and that defendant unlawfully intercepted and exhibited the fight. Both parties have moved for summary judgment, which is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact 'exists when the evidence,

---

[1] Plaintiff dismissed its claims against the other defendants with prejudice. Doc. #37.

[2] Section 605 prohibits the unauthorized reception of satellite communications, while § 553 prohibits the unauthorized reception of cable broadcasts. *J & J Sports Prod., Inc. v. Perez*, 2012 WL 3112421, at *1 n. 2 (W.D.Okla. July 31, 2012) ("Most courts have found that 47 U.S.C. § 605 applies to piracy of satellite communications and 47 U.S.C. § 553 applies to piracy of cable broadcasts.").

construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party.'" Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quoting Zwygart v. Bd. of Cnty. Comm'rs, 483 F.3d 1086, 1090 (10th Cir. 2007)). Having considered the parties' submissions in light of this standard, the court concludes defendant's motion should be denied and a ruling on plaintiff's motion should be deferred.

Background[3]

It is undisputed that defendant Brady operated a beer bar in a building she rented on a week to week basis in south Oklahoma City known as Cantina The Amazons and was the beverage license holder for the establishment on the date of the Mayweather Fight. It also is undisputed that plaintiff had the exclusive nationwide television distribution rights to the Mayweather Fight and that defendant did not purchase a commercial license from plaintiff that would have allowed her to exhibit the fight at the bar. Defendant Brady admitted that the persons at Cantina The Amazons serving as bartenders and/or the manager acted as agents on her behalf. She also admitted that the bar exhibits television programming that its patrons are interested in viewing.[4] In her brief Ms. Brady "denies the event was shown." Doc. #36, p. 6. Ms. Brady also challenges plaintiff's assertion that she unlawfully

---

[3]*The facts are taken from the parties' briefs, including the affidavit of Ms. Brady.*

[4]*Not only did defendant admit that fact in her response to plaintiff's requests for admissions, Doc. #28-6, p. 8, the evidence she now offers to dispute it – the statement in her affidavit that she received no financial remuneration or gain from the alleged showing of the event – fails to controvert it.*

2

intercepted and exhibited the Mayweather Fight. However, defendant offers no evidence controverting the affidavit submitted by plaintiff demonstrating that the fight was, in fact, exhibited at Cantina The Amazons on May 4, 2013. The evidence Ms. Brady offers is that she, personally, "did not show the Mayweather v. Guerrero fight at the bar on the date alleged." Doc. #36-1, p. 2. She also attests that she "did not personally intercept a satellite signal, aid in the interception of a satellite signal, or receive the satellite signal related to the alleged exhibition of the event." Doc. #36-1, p. 3 (emphasis added).[5]

## Analysis

Plaintiff claims it is entitled to summary judgment because defendant Brady was operating the Cantina The Amazons on May 4, 2013, when the Mayweather Fight was unlawfully displayed. Defendant Brady claims she is entitled to summary judgment because she did not personally show the Mayweather Fight and did not charge a cover charge at Cantina The Amazons on the evening of the fight, and because plaintiff cannot establish that she gained financially from the fight and has no evidence of an unauthorized exhibition.

"To establish liability under either 553 or § 605, [a] plaintiff must prove that [a] defendant[] unlawfully exhibited, published or divulged a privileged communication and the signal transmitting that communication was delivered to the intercepting party by way of a satellite or cable transmission." J & J Sports Prod., Inc. v. Aguilar, 2013 WL 425034,

---

[5]*Ms. Brady may not have had her hand on the remote control but, as is discussed subsequently, that is not required for her to be held accountable, particularly when the Cantina The Amazons is an unincorporated entity.*

at *1 (W.D. Okla. Feb. 1, 2013) (quoting Joe Hand Promotions, Inc. v. Kinder, 2012 WL 5494926, at *3-4 (N.D.Okla. Nov. 13, 2012)). A plaintiff does not have to establish "willfulness" concerning the exhibition to establish liability; "the statues are strict liability statutes." Id.

Contrary to defendant's assertion, plaintiff also does not have to establish that Ms. Brady benefitted financially from the violation in order to recover. The three cases defendant cites in support of her argument that a defendant must have "reaped commercial profit" from the statutory violation to be held liable are Joe Hand Promotions, Inc. v. Alvarado, 2011 WL 1740536 (E.D. Cal. May 4, 2011), J & J Sports Prods., Inc. v. Daley, 2007 WL 7135707 (E.D.N.Y. Feb. 15, 2007), J & J Sports Prods., Inc. v. 291 Bar & Lounge, LLC, 648 F.Supp. 2d 469 (E.D.N.Y. Aug. 19, 2009). Those cases require only that the individual have "an obvious and direct financial interest in the misconduct." Alvarado, 2011 WL 1740536 at *7 (quoting 291 Bar & Lounge, 648 F.Supp.2d at 473); Daley, 2007 WL 7135707, at *3.[6] Alvarado does refer to the need for the plaintiff to establish that the defendant "[h]ad control of the television at the time of the alleged signal piracy" and "[d]erived a benefit from the alleged signal piracy." 2011 WL 1740536 at *7. However, a close reading of Alvarado reveals that those are the requirements for liability urged by the defendants, not imposed by the court. Alvarado also is not binding authority on this court.

---

*[6]Daley and 291 Bar & Lounge, LLC also involved corporate defendants, although there appeared to be a question in Daley as to whether the establishment was a corporation or an unincorporated entity. See Daley, 2007 WL 7135707, at *4 n.3.*

Cases in which the issue of individual liability under §§ 605 and 553 has arisen usually involve corporate defendants, not individuals "doing business as," such as the defendant in this case. *See e.g.*, J & J Sports Prods., Inc. v. Castillo, 2014 WL 1281478 (E.D. Ky. Mar. 27, 2014). Nonetheless, assuming that the same standard applies here, plaintiff has made the showing required to impose personal liability on defendant Brady. It has introduced evidence that she had the "'right and ability to supervise' the [claimed] violation[]," 291 Bar & Lounge, 648 F. Supp.2d at 473 (quoting Softel, Inc., v. Dragon Med. and Scientific Commc'ns, Inc., 118 F.3d 955, 971 (2d Cir.1997)), as she has admitted that the persons serving at the Cantina the Amazons as the bartenders and/or the manager were her agents. Plaintiff also has introduced evidence that Ms. Brady, as the person who leased the building, operated the bar and held the beverage license for the establishment, had "an obvious and direct financial interest in the misconduct." *Id.; accord* DIRECTV, LLC v. Taylor, 2014 WL 3373448, at *2 (D. Colo. July 10, 2014) ("In order to establish vicarious liability of an individual for a violation of 47 U.S.C. § 605, the plaintiff need only show that the individual defendant had the 'right and ability to supervise' the violations, and that she had a 'strong financial interest' in exploiting the copyrighted materials."). However, neither § 605 nor § 553 imposes a requirement of financial gain in order for a plaintiff to recover, although the court may, in its discretion, increase the award of damages if it determines the "violation was committed willfully and for purposes of direct or indirect commercial advantage or privilege financial gain." 47 U.S.C. § 605(e)(3)(C)(ii); § 553(c)(3)(B)

While the court has concluded plaintiff has established that the Mayweather Fight was

shown at the Cantina the Amazons on May 4, 2013, and that defendant Brady may be held individually liable under the federal statutes, J & J has not demonstrated that it is entitled to summary judgment. As defendant points out, plaintiff failed to establish a basic element of its claim under either statute –the means by which the alleged piracy occurred, by use of satellite or cable reception. *See* Alvarado, 2011 WL 1740536 at \*7-8 (production of evidence that telecast was shown was insufficient, plaintiff had to produce evidence suggesting means by which telecast was intercepted). The means of the unauthorized interception also affects the damages award, if the plaintiff is seeking statutory damages, as J & J is here. *See* 47 U.S.C. §§ 553; 605.

Plaintiff waited until its response to defendant's motion for summary judgment to produce evidence of how the signal was pirated. Even then, what it produced was inadmissible –unauthenticated pictures of a satellite dish on a building which appears to be Cantina the Amazons. Doc. #40-1.[7] However, rather than waste the parties' and the court's time and resources litigating an issue that may not be in dispute, defendant is directed to advise the court if she disputes that the Cantina the Amazons had a Dish Network satellite dish on May 4, 2013, and, if so, to produce evidence to support her position within seven days. During that seven day period the parties also are directed to discuss settlement and to advise the court of the results of their discussion.

---

[7] *The fact that plaintiff "has already supplied Defendant not only with the Affidavit of investigator Nicolin Deckard, but also with the photographs he took of Cantina the Amazons which show the club's Dish Network satellite dish," Doc. #40, p. 2, ¶5, is irrelevant for purposes of determining whether summary judgment is appropriate. Plaintiff has to demonstrate to the court that no material fact questions exist.*

As has been discussed, Ms. Brady's asserted lack of personal involvement in the claimed violation of the statute and asserted lack of financial benefit from the showing of the Mayweather Fight do not preclude her liability under the statutes. However, such circumstances may, along with Ms. Brady's intent, affect the damages that may be assessed against her, if summary judgment is entered for plaintiff as to liability. Damages, if awarded, will be assessed under §605,[8] and a hearing will be required at which Ms. Brady will be expected to testify.

Accordingly, a ruling on plaintiff's motion for summary judgment [Doc. #27] is **DEFERRED**. Defendant's motion for summary judgment [26] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of March, 2016.

*[signature]*
JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[8]*It appears defendant intends only to offer evidence of a violation of §605. Although a defendant's conduct can simultaneously violate both § 553 and § 605, a plaintiff may recover under only one of the statutory provisions.* Daley, *2007 WL 7135707, at *3.*